IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

UNITED STATES OF AMERICA

V.                           4:19CR00674-1 JM

SAMUEL TYRONE ROBERSON

## ORDER

Pending is Defendant Samuel Tyrone Roberson's motion to suppress. The United States has responded. The Court has reviewed the pleadings and exhibits attached. A hearing on the motion is not necessary. *See United States v. Yielding*, 657 F.3d 688, 705 (8th Cir. 2011) ("a hearing is unnecessary if the district court can determine that suppression is unwarranted as a matter of law.")

On the morning of August 8, 2019, Officer Willie Christopher observed a black 2011 Mercedes Benz at a carwash on Roosevelt Road. Officer Christopher observed the driver of the car "exit the vehicle and do what appeared to be hand to hand transactions." (ECF No. 35-1 at p.1). Officer Christopher and Officer Mathis approached the Mercedes. Officer Christopher informed the Defendant that he had seen the Defendant conducting transactions and asked Defendant for identification. The Defendant told the officers that his identification was in the vehicle and walked to the driver's side door. As he was leaning into the window, the Defendant reached inside his right front pocket, grabbed a baggie containing a white substance suspected to be methamphetamine, and threw it into the passenger seat where a passenger was seated. Officer Christopher pulled the Defendant from the vehicle and placed him in handcuffs. Another bag containing a white substance was found in the Defendant's right front pocket at this time. Officers placed the Defendant in the patrol car and searched the Defendant's vehicle. They found

the baggie containing a white substance in the passenger seat, a semi-automatic .32 caliber and a glass smoking device.

On December 4, 2019, a grand jury indicted the Defendant charging him with one count of possession of a firearm by a felon, one count of possession with intent to distribute methamphetamine, and one count of possession of a firearm in furtherance of a drug-trafficking crime. The Defendant filed a motion to suppress the evidence found in his car. He claims that his Fourth Amendment rights were violated by the stop at the car wash because he was not the true owner of the Mercedes. Defendant argues that there is a factual dispute as to whether an ATLAS search by Officer Christopher showed the Mercedes was registered to the Defendant Samuel Tyrone Roberson (DOB 03/08/1980) or Samuel and Rose A. Roberson, Defendant's grandparents. According to Officer Christopher's report, he did a license plate check through ATLAS and found that the vehicle was registered to a Samuel Roberson. The Court finds this argument to be without merit because the facts in dispute are not material.

An investigatory, or Terry, stop without a warrant is valid if police officers have a reasonable and articulable suspicion that criminal activity may be afoot. To be reasonable, suspicion must be supported by "specific and articulable facts." *Terry v. Ohio*, 392 U.S. 1, 21 (1968). When justifying a particular stop, police officers "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Id.* Officers had reasonable and articulable suspicion that the Defendant was conducting drug transactions when they saw him parked at a car wash, exit his vehicle, physically approach several passing vehicles, and make a hand-to-hand exchange. This is sufficient to provide the Officers with a reasonable suspicion to support the investigative stop.

While Officers made the lawful stop of the Defendant, he was seen retrieving suspected drugs from his pocket and throwing it into the vehicle. Under the so-called automobile exception to the warrant requirement, police officers may conduct a warrantless search of a vehicle and containers within the vehicle whenever probable cause exists. See *California v. Acevedo*, 500 U.S. 565, 580, 111 S.Ct. 1982, 1991-92, 114 L.Ed.2d 619 (1991). Police may search a car without a warrant if they have probable cause to believe that the car contains contraband or evidence. *See Chambers v. Maroney*, 399 U.S. 42 (1970). Officers had probable cause to search the Mercedes because the Officers witnessed the Defendant throw suspected drugs inside it.

For these reasons, Defendant's motion to suppress (ECF No. 27) is DENIED.

IT IS SO ORDERED this 6th day of May, 2021.

_____
James M. Moody Jr
United States District Judge