IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

v.  No. 4:19-CR-00674-01-JM

SAMUEL ROBERSON

### ORDER

Defendant's Motion to Reduce Sentence (Doc. No. 66) is DENIED.

Applying retroactive guideline Amendment 821 does not reduce Defendant's criminal history category or guideline range because he was sentenced as a career offender.[1] Even if Defendant was not a career offender, his criminal history score would go from 21 to 20, but his criminal history category and guideline range would remain the same.

Additionally, Defendant's plea agreement "waive[d] the right to have the sentence modified pursuant to Title 18, United States Code, Section 3582(c)(2) . . . ."[2] Because Defendant knowingly and voluntarily entered into his plea agreement, including this waiver, he is not entitled to relief.[3]

IT IS SO ORDERED this 16th day of May, 2024.

_____
UNITED STATES DISTRICT JUDGE

---

[1] *See* United States Sentencing Guidelines § 1B1.10 (a)(2) ("Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if— . . . an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.").

[2] Doc. No. 49.

[3] *United States v. Cowan,* 781 F. App'x 571 (8th Cir. 2019) (affirming dismissal of a § 3582(c)(2) motion when the record establish that the defendant knowingly and voluntarily entered the plea agreement).